IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRA GAMBARDELLA, | ) | C.A. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER ALTOONA, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT IN CIVIL ACTION

AND NOW COMES Plaintiff TERRA GAMBARDELLA, by and through her attorneys, MARGARET S. COLEMAN and the LAW OFFICES OF TIMOTHY P. O'BRIEN and submits the following Complaint in Civil Action, and in support thereof avers as follows:

I) <u>INTRODUCTION</u>

1. This Complaint alleges that Defendant University of Pittsburgh Medical Center Altoona ("UPMC") violated Plaintiff Terra Gambardella's right to be free from discrimination based on her disability and her pregnancy. Specifically, UPMC terminated Ms. Gambardella's employment because she called off from work due to pregnancy-related complications even though it knew that Ms. Gambardella was in the process of requesting intermittent leave as an accommodation, which UPMC had instructed her to do.

II)     JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 28 USC §§ 451, 1331, 1343 and 1345, and upon the doctrine of pendant and/or supplemental jurisdiction over any state law claims.

3.     All of the violations of Plaintiff's rights alleged herein occurred within the Western District of Pennsylvania. Venue is, therefore, properly in the Western District of Pennsylvania under 28 U.S.C. § 1291(B).

III)    PARTIES

4.     Plaintiff Terra Gambardella is an adult individual who resides in Blair County, Pennsylvania.

5.     Defendant University of Pittsburgh Medical Center Altoona ("UPMC") is a not-for-profit corporation with a principal place of business located at 620 Howard Ave, Altoona, PA 16601.  UPMC is duly authorized to conduct business within the Commonwealth of Pennsylvania.

6.     At all times relevant hereto, UPMC was an "employer" as that term has been defined by the applicable statutes and acted by and through its duly authorized agents, assignees and/or employees, who were then and there acting within the course and scope of their employment.

IV)    FACTS

7.     Plaintiff Terra Gambardella was employed by Defendant UPMC as a Transport Assistant from February of 2013 until UPMC terminated her employment on January 22, 2016.

8. In early January 2016 Ms. Gambardella informed her supervisor, Brenda Smith, that she was pregnant.

9. On January 11, 2016 Ms. Gambardella experienced complications related to her pregnancy which required her to go to the emergency room while at work.

10. January 13, 2016 Ms. Gambardella Contacted UPMC's "Work Partners" and requested intermittent FMLA due to her pregnancy-related complications.

11. Through a letter date January 13, 2016 Work Partner's representative Dustin Kolan informed Ms. Gambardella that she was ineligible for FMLA, but could request intermittent leave as a reasonable accommodation under the Americans with Disabilities Act. Mr. Kolan provided her with paperwork to make this request.

12. Mr. Kolan's January 13, 2016 letter directed Ms. Gambardella to return the enclosed paperwork "no later than 2 weeks" from the date of the letter and stated that failure to return the paperwork "within 15 calendar days" from the date of the letter could result in disciplinary action.

13. On January 20, 2016, Ms. Gambardella began to hemorrhage while at work and was again required to leave her job duties and go to the emergency room. She called off of work on January 21, 2016 due to this pregnancy-related complication.

14. On January 22, 2016, Ms. Gambardella attended an appointment with her OBGYN. At this appointment, her doctor informed her that she would be subject to a 40 pound lifting restriction. Her doctor also helped her fill out the paperwork provided by Mr. Kolan.

15. Immediately following this appointment, on January 22, 2016, Ms. Gambardella called her supervisor Brenda Smith and informed her of the lifting restriction.

16. Approximately two hours later, Ms. Smith called Ms. Gambardella and told her that her employment was terminated due to excessive absenteeism. Twenty minutes after this phone call, Director Jim Kimble called Ms. Gambardella and confirmed her termination.

17. Ms. Gambardella only missed one day of work between January 13 and January 22. She missed that one day of work because of complications related to her pregnancy.

18. During the phone call with Kimble, Ms. Gambardella informed him that she had completed and was ready to submit the paperwork from Work Partners to request intermittent leave as a reasonable accommodation.

19. The January 13, 2016 letter from Mr. Kolan gave Ms. Gambardella 15 calendar days to complete and submit this paperwork.

20. January 22 is only nine calendar days after January 13.

21. Although Defendant had terminated her employment on January 22, 2016, on January 25, 2016 Ms. Gambardella faxed the completed paperwork to Mr. Kolan and he confirmed receipt.

22. January 25 is only twelve calendar days after January 13.

23. Even though Ms. Gambardella requested the reasonable accommodation that UPMC suggested, using the forms UPMC provided, within the timeframe UPMC specified, UPMC refused to reconsider its decision to terminate her employment for reasons related to her disability.

24. Ms. Gambardella's medical impairments related to her pregnancy were disabilities as that term is defined by the Americans with Disabilities Act.

25. Ms. Gambardella's requested accommodation was reasonable and would not have imposed an undue hardship on UPMC and/or had UPMC engaged in an interactive process with Ms. Gambardella, an alternative reasonable accommodation would have been identified.

26. On information and belief, UPMC grants intermittent leave to non-pregnant employees who are similarly situated to Ms. Gambardella in their ability or inability to work.

V) <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

27. Prior to filing this lawsuit, Ms. Gambardella exhausted all necessary administrative procedures by filing appropriate charges with the Equal Employment Opportunity Commission (EEOC) and/or Pennsylvania Human Relations Commission (PHRC).  A copy of the charge of discrimination filed on behalf of Ms. Gambardella is attached hereto as Exhibit 1 and made a part hereof.

28. The EEOC investigated Ms. Gambardella's charge and determined that reasonable cause existed to show that UPMC discriminated against Ms. Gambardella because of her disability or that it retaliated against her for requesting reasonable accommodation.

29. The EEOC's attempts to conciliate the matter failed and, on March 13, 2020, the EEOC issued a Notice of Right to Sue (Conciliation Failure). Attached as Exhibit 2.

VI) <u>CLAIMS</u>

30. As a result of Defendant's conduct, as hereinbefore described, Ms. Gambardella has been denied her right to be free from discrimination based on her

pregnancy as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

31. As a result of Defendant's conduct, as hereinbefore described, Ms. Gambardella has been denied her right to reasonable accommodation of her disability and/or to be free from discrimination based on her disability, and/or to be free from retaliation for requesting reasonable accommodation of her disability, as protected by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*.

32. As a result of Defendant's conduct, as hereinbefore described, Ms. Gambardella has been denied her right to be free from discrimination based on her pregnancy, as protected by the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq*.

33. As a result of Defendant's conduct, as hereinbefore described, Ms. Gambardella has been denied her right to reasonable accommodation of her disability and/or to be free from discrimination based on her disability, and/or to be free from retaliation for requesting reasonable accommodation of her disability, as protected by the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.*

34. As a result of Defendant's conduct, as hereinbefore described, Ms. Gambardella has suffered lost wages, benefits, and other remuneration.

35. As a result of Defendant's conduct, as hereinbefore described, Ms. Gambardella has suffered embarrassment, humiliation, and emotional distress.

36. Defendant's conduct, as hereinbefore described, was willful, outrageous, and/or performed in reckless disregard of Ms. Gambardella federally protected rights.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in her favor for compensatory and/or punitive damages and award her such other relief as is appropriate and equitable under the circumstances and to award her costs and attorney's fees incident to the successful completion of this litigation.

Respectfully submitted,

/s/ Margaret S. Coleman
PA ID# 200975

Law Office of Timothy P. O'Brien
2103 Investment Building
239 Fourth Avenue
Pittsburgh, PA  15222
(412) 232-4400

Attorney for Plaintiff